UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISANNE AUSTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:24-cv-00004 |
| | ) |
| EARLHAM COLLEGE, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Chrisanne Austin ("Plaintiff"), brings this action against Defendant, Earlham College ("Defendant") pursuant to Title VII of the Civil Rights Act of 1964.

## PARTIES

2. At all times relevant to this action, Plaintiff worked for the Defendant within the Southern District of Indiana.

3. Defendant is located in Richmond, Indiana which is located within the Southern District of Indiana.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. §1331 and 42 U.S.C. § 2000e 5(f)(3).

5. Plaintiff was an "employee" as that term is defined by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e(f).

6. Defendant is an "employer" as that term is defined by the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e(b).

7. Plaintiff exhausted her administrative remedies by filing charge number 470-2023-03573 with the U.S. Equal Employment Opportunity Commission against Defendant and receiving the appropriate notices of suit rights. Plaintiff files the instant matter within ninety (90) days of receipt of said notice.

8. The events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana and are subject to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

9. Plaintiff was hired by Defendant on or about August 19, 2019. At the time of her wrongful termination, Plaintiff was employed as an Assistant Director of Human Resources.

10. Plaintiff's work performance met or exceeded Defendant's legitimate expectations at all relevant times.

11. Plaintiff and her fiancé split up for roughly six months from October 2020 to April 2021. During that time, Christopher Little, who was the then Director of Public Safety, made several unwanted advances towards Plaintiff. Aside from his attempts to flirt with Plaintiff in person, Little went so far as to contact her via text and Facebook Messenger. Little also contacted Stephanie Bishop, the then-acting Director of Human Resources, on numerous occasions to request her permission to engage in a relationship with Plaintiff. To Plaintiff's belief, Little had a prior sexual relationship with Bishop while each were employed with Defendant.

12. On or about July 24, 2021, Little became the interim director of Human Resources. During weekly meetings with Plaintiff, Little would go over the allotted time to discuss women he dated in the past. Plaintiff felt uncomfortable and irritated because of Little's actions.

13. On or about February 8, 2022, Little became the Assistant Vice President of Human Resources and Public Safety & Risk.

14. Throughout 2022 and into 2023, Little would continue to initiate unwanted communications with Plaintiff. Many times, Little would reach out to Plaintiff outside of working hours about matters unrelated to work. Little frequently expressed his dissatisfaction with Plaintiff's denial of his requests to engage in an intimate relation.

15. On or about February 21, 2023, Plaintiff met with Defendant's Title IX Coordinator regarding a complaint against Little, and she requested that her allegations against Little be entered into record. At this time, Plaintiff inquired about supportive measures for reporting, professional communication and contact, and work-related duties. Plaintiff indicated to the Title IX Coordinator that she did not wish to file a formal complaint, nor did she want to pursue a resolution process due to her fear of retaliation for doing so.

16. On February 27, 2023, the Title IX Coordinator informed Plaintiff via of her intention to reach out to Little. The Title IX Coordinator met with Little on March 1, 2023, reviewing the reported allegations and relaying the Complainant's request for supportive measures.

17. On March 14, 2023, Plaintiff was terminated, purportedly for performance issues. Defendant's stated reason for Plaintiff's termination is pretext for unlawful retaliation due to Plaintiff's statutorily protected complaints.

18. Defendant has taken adverse employment actions against Plaintiff.

19. Plaintiff's similarly situated co-workers who did not engage in protected activity were treated more favorably than her.

20. Any reason proffered by Defendant for the adverse actions and disparate treatment against Plaintiff is pretext for unlawful discrimination.

21. Defendant's actions have violated Plaintiff's rights as protected by Title VII of the Civil Rights Act of 1964.

22. Plaintiff notes that these facts are not exhaustive of her claims, and she has not had the opportunity to review documents or converse with witnesses to refresh her memory as to additional evidence. The facts alleged here are only intended as a summary.

23. Plaintiff has suffered damages because of Defendant's unlawful actions.

## LEGAL ALLEGATIONS

## COUNT I: SEX HARASSMENT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

24. Plaintiff hereby incorporates paragraphs (1) through (23) as fully set forth herein.

25. Defendant subjected Plaintiff to a hostile work environment on the basis of sex and failed to take subsequent remedial action in violation of Title VII of the Civil Rights Act of 1964.

26. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights.

27. Plaintiff has been damaged as a result of Defendant's conduct.

28. Wherefore Plaintiff requests relief as set forth below.

## COUNT II: RETALIATION TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

29. Plaintiff hereby incorporates paragraphs (1) through (28) as fully set forth herein.

30. Defendant took adverse employment actions and discriminated in terms and conditions of employment against Plaintiff in violation of Title VII in retaliation for having made a complaint of discrimination to the Defendant.

31. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights.

32. Plaintiff has been damaged as a result of Defendant's conduct.

33. Wherefore Plaintiff requests relief as set forth below.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Chrisanne Austin, respectfully requests that this Court enter judgment in her favor and provide her the following relief:

1. Order Defendant to pay Austin all lost wages, benefits, compensation, and monetary loss suffered as a result of Defendant's unlawful actions;

2. Enter an award of compensatory and punitive damages against Defendant and;

3. All other legal and/or equitable relief to which she is entitled.

Respectfully submitted,

John H. Haskin (7576-49)
Julie C. Alexander (25278-49)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, Second Floor
Indianapolis, IN 46204
Telephone:   (317) 955-9500
Facsimile:    (317) 955-2570
E-Mail:         jhaskin@jhaskinlaw.com
E-Mail:         jalexander@jhaskinlaw.com

Counsel for Plaintiff, Chrisanne Austin

## **DEMAND FOR JURY TRIAL**

Plaintiff, Chrisanne Austin, by counsel, demands a jury trial on all issues deemed so triable.

                Respectfully submitted,

                John H. Haskin (7576-49)
                Julie C. Alexander (25278-49)
                JOHN H. HASKIN & ASSOCIATES
                255 North Alabama Street, Second Floor
                Indianapolis, IN 46204
                Telephone:   (317) 955-9500
                Facsimile:    (317) 955-2570
                E-Mail:       jhaskin@jhaskinlaw.com
                E-Mail:       jalexander@jhaskinlaw.com

                Counsel for Plaintiff, Chrisanne Austin